UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 8:21-cr-00044-WFJ-TGW

HENRI MANRIQUE ESTACIO

_____/

### SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

Defendant Henri Manrique Estacio, by and through undersigned counsel, pursuant to 18 U.S.C. §§ 3553 and 3661; U.S.S.G. §§ 3B1.2 and 5K2.0; and Rule 32(i) of the Federal Rules of Criminal Procedure, hereby moves this Honorable Court to depart downward from the applicable advisory Sentencing Guidelines range and, in addition, presents the following relevant information for the Court to consider in determining a reasonable sentence to impose in this case:

### Facts and Sentencing Considerations

Mr. Estacio pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine while onboard a vessel subject to United States jurisdiction.  Mr. Estacio was present, along with two other crewmembers, on a small low-profile vessel that was transporting cocaine when it was interdicted by the Coast Guard in international waters.  Mr. Estacio was a simple crewperson on the boat.  He possessed no special skills of any kind and served no specific function on the boat.

As soon as he was able to do so, Mr. Estacio notified the Government of his intent to plead guilty.  He, thereafter, promptly sought to provide substantial assistance to the investigating authorities and cooperated in the Government's prosecution.  Since that time, he has continued to make himself available to the Government.

Mr. Estacio's proposed advisory Guidelines range, as calculated in the Presentence Report, falls at total offense level 27 and criminal history category I.  At that range, the Guidelines suggest a sentence of 70 to 87 months.  Mr. Estacio will ask this Court to depart downward from the advisory Guidelines range based on his diminished role in the offense.  He will further establish that a downward variance sentence below the advisory Guidelines range would be a sentence that is more than sufficient to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## I. Motion for Downward Departure Based on Mr. Estacio's Diminished Role in the Offense

The facts and circumstances of this case clearly indicate that Mr. Estacio was, at most, a minor participant in the relevant conduct at issue in this case.  Mr. Estacio was a simple mariner who performed no special function in the conspiracy, had no equity interest in the cocaine, and had no role in the supply or distribution chains.  Based on the role he performed, Mr. Estacio moves this Court to apply the USSG § 3B1.2(b) minor role downward adjustment in calculating his Guidelines range.

Applicable Law

The standard for assessing the applicability of a role-based downward adjustment is the two-prong test promulgated in *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc). The first prong of *De Varon* calls for an analysis of the defendant's role in the crime in comparison to the relevant conduct for which she is held accountable under the Guidelines. *Id.* at 940-44. In devising this first prong, the Eleventh Circuit reasoned:

> [G]iven the relatively broad definition of relevant conduct under § 1B1.3, some defendants may be held accountable for conduct that is much broader than their specific acts. A conspiracy conviction is the classic example of this phenomenon. In such cases, a defendant's relevant conduct may be coextensive with the entire conspiracy even though her role in that conspiracy was relatively minor. Under these circumstances, a district court may adjust the defendant's sentence for her mitigating role in this broad conspiracy. This adjustment allows a district court to *impose a sentence that more closely mirrors the defendant's actual conduct, furthering the goals of imposing comparable sentences for similar acts*.

*Id.* at 941 (emphasis added). Accordingly, in the test's second stage, the defendant's role in the relevant conduct for which she is being sentenced is balanced against the role of other participants in that relevant conduct. *Id.* at 944-45. Specific factors relevant to the balancing determination include the amount and value of the drugs attributed to the conspiracy, the defendant's role in planning the conspiracy or in distributing the drugs, the defendant's equity interest in the drugs, and the amount of money the defendant stood to earn had the operation been successful. *Id.* at 945.

In addition to the *De Varon* test, the Sentencing Guidelines provide a definition for both minor and minimal participants. The Guidelines assert that the minor role is available to those not otherwise eligible for a minimal role adjustment, but whom are still "less culpable than most other participants." U.S.S.G. § 3B1.2 cmt., n. 5. In contrast, the minimal role is applicable to those individuals "who are plainly among the least culpable of those involved in the conduct of a group… the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. § 3B1.2 cmt., n. 4.

In November 2015, after conducting a nationwide study into the district-by-district application of the mitigating role downward adjustment, the Sentencing Commission inserted into section 3B1.2's commentary specific factors for courts to consider in determining if the mitigating role adjustment is appropriate in a specific case:

> (**C**) **Fact-Based Determination.--**The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (**i**) the degree to which the defendant understood the scope and structure of the criminal activity;
> (**ii**) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt, n. 3.  The note goes on to provide, "[f]or example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*  It then advises, "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." *Id.*

When providing its reasons for the Amendment, the Sentencing Commission stated that it had conducted "a review of cases involving low-level offenders, analyzed case law, and considered public comment and testimony." USSG § 3B1.2, Hist. Notes – 2015 Amend.  In conducting that review, the Commission "found that mitigating role is applied inconsistently and more sparingly than the Commission intended."  *Id.*  Specifically, the Commission found that "[i]n drug cases, … that mitigating role is applied inconsistently to drug defendants who performed similar low-level functions (and that rates of application vary widely from district to

district).” *Id.*  In light of those conclusions, the Commission made the changes set forth in the 2015 amendment to 3B1.2, most notably, by adding the factors for consideration set forth above.

Drawing on the then-recent amendments to section 3B1.2, the Eleventh Circuit vacated the sentence of a “drug boat” defendant who had been denied a minor role departure in *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016).  In that case, the Eleventh Circuit traced the history of *De Varon* and recently-promulgated Guidelines commentary.  The court noted further that both *De Varon* and the Guidelines call for sentencing courts to review cases in which a minor role adjustment is sought on a case-by-case basis. *Id.* at 1193-94.  Likewise, the court resolutely held that the mere fact that a defendant is a crewmember on a small ship carrying a very large quantity of controlled substances does not preclude a defendant from receiving a minor role adjustment. *Id.* at 1194-95.  In the end, the Eleventh Circuit vacated the *Cruickshank* defendant’s sentence because it found that the District Court may have reasoned that the defendant was ineligible for a minor role adjustment simply because his offense involved a large quantity of drugs.  In so holding, the court noted that “*De Varon* stressed the fact-intensive nature of the inquiry, and the sentencing court’s role in assessing the totality of the circumstances, where no one factor is ‘more important than another.’” *Id.* at 1195 *quoting De Varon*, 175 F.3d at 945.  It further recognized that, “[m]oreover, Amendment 794 clarified

that a defendant could be considered for a minor-role adjustment in many circumstances, none of which turn on drug quantity." *Id. citing* Amendment 794.

Analysis

A consideration of both the *De Varon* factors and the factors set forth in the applicable Guideline notes demonstrate that Mr. Estacio is a prime example of a defendant who acted in a mitigating role as contemplated under section 3B1.2. Mr. Estacio had no knowledge of the intricacies of this conspiracy, had no role in planning the offense or in distributing the drugs, and had no equity interest in any of the drugs that were being transported. He certainly had no decision-making authority or no control over the operation. He, likewise, performed no special, or even defined, role in the relevant conduct. Given his lack of education or worldly experience, Mr. Estacio would not even have had the means to perform any special function within the conspiracy. Mr. Estacio was merely an able body who was on hand to perform remedial tasks during the transportation of the drugs. As such, he squarely fits within the example provided for in the 2015 amendment to section 3B1.2 as a participant "who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks." USSG 3B1.1 cmt, n. 3. Therefore, based on the Guidelines commentary and the corresponding factors delineated in *De Varon*, Mr. Estacio respectfully requests that this Court decrease

his total offense level by two levels to adequately reflect his status as a minor participant in the conspiracy.

## II. <u>Overall Sentencing Considerations and the 18 U.S.C. § 3553(a) Factors</u>

The facts and circumstances surrounding this case do not call for the imposition of a sentence as great as the Guidelines would suggest. The advisory Guidelines range, no matter how it is calculated, will call for the imposition of a substantial prison sentence in this case. The Guidelines, however, "as a matter of administration and to secure nationwide consistency[,]… should be the starting point and the initial benchmark," but are not the only consideration in sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). The remaining 18 U.S.C. § 3553(a) factors include:

> (1) the nature and circumstances of the offense;
> (2) the history and characteristics of the defendant;
> (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
> (4) the need to protect the public; and
> (5) the Guidelines range, as well as
> (6) the kinds of sentences available;
> (7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and
> (8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted).

A consideration of the applicable § 3553(a) factors establish that a sentence within

the applicable proposed Guidelines range would be a punishment greater than necessary to accomplish the purposes of sentencing set forth in section 3553(a).

Like many defendants this Court has seen in MDLEA cases, Mr. Estacio grew up in abject poverty, with little education and little opportunity. His father was murdered when he was six years-old and his mother thereafter struggled to support his family. He left school after the 5th grade to begin working as a fisherman to help his family. He has continued to work as a fisherman in Colombia since that time. Though he worked long hours, he struggled to care for his own family. One of sons, moreover, tragically drowned at the age of two while on a boat with Mr. Estacio.

At the time of the offense, Mr. Estacio was living with his family in Tumaco in a small home that had electricity, but no running water. Mr. Estacio's decision to participate in this offense was motivated by desperation and his need to provide for his family. While he knew his actions were wrong, he believed that his participation in the boat trip could alleviate his family's extraordinary financial problems. While his motivation does not excuse his conduct, it hopefully sheds light on the good, though ill-thought-out, intentions he had. Unfortunately, however, Mr. Estacio's incarceration has exacerbated his family's financial struggles, as his wife has been forced to move in with her parents. As of the last time counsel met with Mr. Estacio, Mr. Estacio had heard that his wife was ill, but had not yet been able to speak with her to determine the circumstances.

Mr. Estacio's first appearance because this Court was delayed because he was held in the Southern District of Florida for reasons unknown.  As soon as he able to do so, however, he entered a plea of guilty and sought to provide assistance to the Government.  He will ask to provide further details of that assistance at the time of sentencing.

Given his age and his life history, Mr. Estacio is in an excellent position to better himself while in the Bureau of Prisons.  He regrets, tremendously, the mistake he made and the impact that it had on his family.  He is now eager to learn to read and write in English and to hopefully learn trades that will allow him to obtain gainful employment in Colombia upon his return.  With the education and with the experience he has had, he will be of no risk to reoffend after he completes his sentence.  Under the circumstances, the imposition of a sentence below the advisory Guidelines range would be sufficient, but not greater than necessary, to reflect the factors to be considered at sentencing pursuant to 18 U.S.C. § 3553.

## CONCLUSION

Based on the foregoing, Mr. Estacio respectfully requests that this Honorable Court depart downward from the proposed advisory Guidelines range based on the reasons set forth above and that it, likewise, consider the unique facts and circumstances of this case and impose a downward variance sentence below the adjusted Guidelines range.

Respectfully Submitted,

*s/ J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone:  727-446-7505
Facsimile:  727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
CJA Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 24, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone:  727-446-7505
Facsimile:  727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
CJA Counsel for Defendant
